IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS ) <br> PROJECT, ) <br> ) <br> ) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEN SALAZAR, et al., ) <br> ) <br> ) <br>        Defendants. ) <br> _____ ) | Civ. No. 08-435-E-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion to dismiss or in the alternative to sever and transfer. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion in part, severing the claims challenging decisions of the BLM's District Offices in Nevada, and transferring those claims to the Federal District Court for the District of Nevada. In all other respects, the motion will be denied. Several other motions are resolved below as well.

## LITIGATION BACKGROUND

The plaintiffs challenge in this lawsuit about 600 separate decisions of the BLM concerning some 40 million acres spread out over two states, Idaho and Nevada. The plaintiffs' basic claim is that each decision fails to protect the sage grouse, a BLM-designated sensitive species that is currently being considered for listing under the Endangered Species Act (ESA).

**Memorandum Decision & Order – page 1**

The complaint begins by describing each of the BLM's decision at issue, breaking them down by field office. For example, the complaint challenges the following decisions made by the Elko BLM District Office in Nevada: (1) BLM grazing decisions issued in 2001 and 2002 on three specific allotments known as the MUD allotments, (2) grazing on two Squaw Valley allotments that is allegedly occurring without a valid permit, (3) over 100 grazing permits issued under the Section 325 Rider, (4) BLM decisions in September of 2005 – set forth in an EA and FONSI – to approve the leasing of 222 parcels of land for oil and gas development, and (5) a BLM decision in July of 2006 to authorize the sale of geothermal leases on 10 parcels of land following an EA and FONSI.

The complaint goes on to identify numerous decisions made by three other Nevada BLM District Offices and three Idaho BLM Field Offices. Those decisions likewise involve grazing permits, oil and gas leases, geothermal leases, fire closures, and hazardous fuel reduction.

The BLM counts 600 of its decisions that are challenged by WWP in this complaint, and WWP does not disagree. The figure appears accurate from the Court's review.

After identifying these 600 decisions, the complaint then lists 12 counts alleging violation of NEPA, FLPMA, the Fundamentals of Rangeland Health regulations, the APA and the Clean Water Act, among other laws. The first and second counts allege that each of the 600 decisions violates NEPA and FLPMA, respectively, because the decisions pose individual and cumulative harm to the sage grouse. The third count challenges the BLM's approval of the Rider permits as violating the procedural and substantive requirements of FLPMA and the BLM's grazing regulations. The fourth count alleges that the oil and gas lease authorizations, discussed earlier, violate NEPA, FLPMA, and the APA. The remaining eight counts single out

**Memorandum Decision & Order – page 2**

certain allotments, BLM Districts, and programs for challenge.

The Government seeks to dismiss the action for lack of subject matter jurisdiction under Rule 12(b)(1), for improper venue under Rule 12(b)(3), and for failure to state a claim under Rule 12(b)(6).

## ANALYSIS

### Jurisdictional Issues

The Court can resolve quickly some of the Government's contentions. The plaintiffs are not making the broad programmatic challenge that was prohibited in *Lujan v. National Wildlife Federation,* 497 U.S. 871 (1990). Here, plaintiffs are challenging about 600 discrete agency decisions rather than a general agency policy. This case is similar to *WWP v. Salazar*, 2009 WL 1299626 (D.Idaho May 7, 2009), where WWP challenged 18 Environmental Impact Statements (EIS) issued by BLM Field Offices in 6 different states. There the Court rejected the *Lujan* challenge by the BLM, holding that WWP was challenging each EIS separately for failings that were common to each. Here, WWP makes the same type of challenge: WWP is challenging each of the 600 decisions for failings common to each. This case, like the earlier one, will ultimately require that each agency decision be reviewed. Because WWP is challenging discrete and final agency actions, the case is not subject to dismissal under *Lujan*.

The Court also finds that plaintiffs have standing. *See Summers v. Earth Island Institute*, 129 S.Ct. 1142 (2009). The Declarations filed by plaintiffs show the necessary injury-in-fact and other elements of standing.

The Court has addressed in other cases, and rejected, the Government's claim that the Rider counts are barred by the terms of the Section 325 Rider. *See WWP v Dyer*, 2009 WL

**Memorandum Decision & Order – page 3**

484438 (D.Idaho Feb. 26, 2009) (holding that Section 325 Rider did not block FLPMA and NEPA challenge to grazing). The Court continues to adhere to that holding. Likewise, the Court is not persuaded to depart from its ruling in *Salazar* that venue exists in this Court under 28 U.S.C. § 1391(e)(3). *Salazar*, *supra* at 2009 WL 1299626. Moreover, venue exists under 28 U.S.C. § 1391(e)(2) because a "substantial part of the events or omissions giving rise to the claims" occurred in Idaho.

**Analysis of Motion to Sever and Transfer Under 28 U.S.C. § 1404**

The more difficult issue is whether the challenges to the decisions of the Nevada District Offices should be severed and tried in Nevada pursuant to 28 U.S.C. § 1404. The Court has the authority to sever claims and order their transfer to another district where they could have been brought originally. *See* 15 Wright, Miller and Cooper, *Federal Practice & Procedure*, § 3845 at p. 64-65 (2007).

This Circuit has held that § 1404 only partially displaced the doctrine of forum non conveniens by requiring transfer instead of dismissal if the cause can be heard in a more convenient district. *See Miskow v Boeing Co.,* 664 F.2d 205 (9Th Cir 1981). The Circuit prescribes a weighing of private and public factors to determine where the action "would more properly be heard." *Id*. at 207.

The Court engaged in that analysis in *Salazar*, and much of that analysis applies here. There remains a significant need to avoid inconsistent results. On the other hand, as in *Salazar*, there are countervailing public interests: In this case, Nevada has a substantial interest in resolving challenges to BLM actions within its borders. *See Nevada Amicus Brief* ("the challenge to the Nevada stock raising industry manifested in this action is not just important to

**Memorandum Decision & Order – page 4**

the State, it is profoundly so").

If everything else remained the same, the weighing of all the factors would produce a result similar to *Salazar*. However, there are additional factors to consider. First, the Court has taken on *Salazar*, a large and complex case. Second, the District of Idaho has experienced a significant surge in civil filings. Third, the Court's docket is currently crowded with an unusually large number of complex civil actions which are proceeding to trial. This situation may be temporary, but at the present time, the Court's trial docket calls into question whether it will be able to devote the time and attention which will be required by the Nevada claims. For example, the Court has recently completed a four-month trial in a complex tort action that only resolved the claims of about 5% of the named plaintiffs. Another trial of at least 4 to 6 months duration remains to be tried in 2011. In addition, one complex case on the Court's docket is scheduled for a one month trial later this spring, and another is scheduled for a two-month trial later this summer; there appears little likelihood that either case will settle before trial. Fourth, this District has only two district judges riding circuit to three different courthouses separated by hundreds of miles. The other judge in this District is facing similar challenges, so that a reassignment of cases is not a realistic means of responding to the current situation.

The Court recognizes that "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir.1984). The consideration of docket congestion in balancing the public interest factors is intended to weigh relative convenience; forum non conveniens "should not be used as a solution to court congestion." *Id.* There is no indication that the District of Nevada – with more than three times

**Memorandum Decision & Order – page 5**

the judicial positions – shares the unique problems which the District of Idaho is facing at this point in time.

The Court must also "weigh carefully whether the inconvenience and possible inefficiency of severing the suit outweighs the advantages to be gained from transfer." *See* 15 Wright, Miller and Cooper, *supra*, at p. 65. While severance creates two cases from one, the Court is confident that with cooperation between Districts, any inconvenience or inefficiency can be minimized.

For all of these reasons, the Court finds that the challenges to the decisions of the BLM's Nevada District Offices should be severed and transferred to the District of Nevada. The Court will therefore grant the motion to that extent.

The Court notes that the complaint does not list the challenges to the Nevada District Offices as separate counts; they are instead mixed in with the challenges to the Idaho Field Offices. The Court will direct WWP to redraft, and refile, its complaint in this action to delete any reference to the Nevada District Office challenges.

**Motion to Intervene & Motion to File Amicus Brief**

The Court has before it the motion to intervene by Eureka County, the Idaho Cattle Association, Nevada Cattlemen's Association, National Cattlemen's Beef Association, and Public Lands Council. The Government is fully able to protect the interests of the proposed intervenors with respect to the liability phase on the claims under NEPA, FLPMA, the Clean Water Act, and the FRH. Now that the Nevada claims have been severed and transferred, proposed intervenors Eureka County and the Nevada Cattlemen's Association no longer have an interest in this action that would permit intervention and their application will be denied.

**Memorandum Decision & Order – page 6**

4

As the remaining proposed intervenors, the Court will allow them to intervene for the purpose of litigating the proper remedy. Once a litigation schedule is adopted by the Court, intervenors may participate in the briefing schedule on the following conditions: (1) they file briefs under the same deadlines as the defendants; (2) their briefs do not discuss liability under NEPA, FLPMA, the Clean Water Act, or the FRH, but simply address remedies if violations of those statutes are shown; and (3) the proposed intervenors file a single brief, not three separate briefs.

The State of Nevada has filed a motion to file an amicus brief limited to the issue of venue, and that motion is granted. WWP's motion to strike Nevada's motion will be denied. The brief was considered by the Court.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 16) is DEEMED MOOT as the Court directed that it be re-filed as docket no. 55.

IT IS FURTHER ORDERED, that the motion to dismiss, sever or transfer (docket no. 55) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to sever and transfer to the District of Nevada all challenges to the decisions of the BLM's Ely, Elko, Battle Mountain and Winnemucca District Offices. It is denied in all other respects.

IT IS FURTHER ORDERED, that all of plaintiff's challenges to the decisions of the BLM's Ely, Elko, Battle Mountain and Winnemucca District Offices are hereby TRANSFERRED to the Federal District Court for the District of Nevada.

IT IS FURTHER ORDERED, that the motion to intervene (docket no. 59) is GRANTED

**Memorandum Decision & Order – page 7**

As the remaining proposed intervenors, the Court will allow them to intervene for the purpose of litigating the proper remedy. Once a litigation schedule is adopted by the Court, intervenors may participate in the briefing schedule on the following conditions: (1) they file briefs under the same deadlines as the defendants; (2) their briefs do not discuss liability under NEPA, FLPMA, the Clean Water Act, or the FRH, but simply address remedies if violations of those statutes are shown; and (3) the proposed intervenors file a single brief, not three separate briefs.

The State of Nevada has filed a motion to file an amicus brief limited to the issue of venue, and that motion is granted. WWP's motion to strike Nevada's motion will be denied. The brief was considered by the Court.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 16) is DEEMED MOOT as the Court directed that it be re-filed as docket no. 55.

IT IS FURTHER ORDERED, that the motion to dismiss, sever or transfer (docket no. 55) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to sever and transfer to the District of Nevada all challenges to the decisions of the BLM's Ely, Elko, Battle Mountain and Winnemucca District Offices. It is denied in all other respects.

IT IS FURTHER ORDERED, that all of plaintiff's challenges to the decisions of the BLM's Ely, Elko, Battle Mountain and Winnemucca District Offices are hereby TRANSFERRED to the Federal District Court for the District of Nevada.

IT IS FURTHER ORDERED, that the motion to intervene (docket no. 59) is GRANTED

IN PART AND DENIED IN PART.  It is granted, with the limitations set forth above, as to proposed intervenors the Idaho Cattle Association, National Cattlemen's Beef Association, and Public Lands Council.  It is denied as to proposed intervenors Eureka County and the Nevada Cattlemen's Association.

   IT IS FURTHER ORDERED, that the motion to file amicus brief for the purpose of challenging venue (docket no. 62) is GRANTED, and the motion to strike that motion and brief (docket no. 80) is DENIED.

DATED:  **January 25, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 8**