IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN SALAZAR, Secretary, DEPARTMENT OF THE INTERIOR, an agency of the United States, and BUREAU OF LAND MANAGEMENT,<br><br>        Defendants. | Case No.  4: 08-CV-435-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to reconsider filed by proposed intervenors National Cattlemen's Beef Association, Idaho Cattle Association, and the Public Lands Council (hereinafter collectively referred to as Public Lands).  The motion is fully briefed and at issue.  For the reasons explained below, the Court will grant the motion.

## LITIGATION BACKGROUND

In this lawsuit, plaintiff WWP challenges about 600 separate decisions of the BLM concerning some 40 million acres spread out over two states, Idaho and Nevada.  WWP argues that these decisions failed to protect the sage grouse, a BLM-designated sensitive species that was recently given a "warranted but precluded" listing under the Endangered Species Act (ESA).  The complaint challenges the 600 decisions under NEPA and

**Memorandum Decision & Order - 1**

FLPMA, among other environmental laws.

Public Lands sought to intervene as of right. In an earlier decision, the Court allowed intervention only as to the remedy phase, holding that the BLM could adequately protect the interests of the proposed intervenors. Public Lands seeks reconsideration of that decision based on a recent Ninth Circuit case.

## LEGAL STANDARD

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and

**Memorandum Decision & Order - 2**

reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

Public Lands argues that a recent Ninth Circuit decision changes the legal landscape on intervention in environmental cases and warrants another look at the issue. *See Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc). The Court agrees, and in a recent decision cited *Wilderness Society* in allowing intervention-as-of-right in an environmental case. *See WWP v. USFWS*, 2011 WL 2690430 (D.Id. July 9, 2011). That case was also brought by WWP and it challenged the decision of the United States Fish and Wildlife Service that the listing of the sage grouse was "warranted but precluded by higher priority listing actions." This Court held that various trade organizations, along with the states of Utah and Wyoming, were allowed to intervene as of right under Rule 24. That decision, along with the Circuit's decision in *Wilderness Society*, compel a reconsideration of the Court's earlier decision here limiting intervention to remedy only.

In *Wilderness Society*, the Circuit held that the legal standards governing private

**Memorandum Decision & Order - 3**

party intervention in NEPA cases are the same as for any intervention-as-of-right case – the Court must examine "practical and equitable considerations" and must apply "a liberal policy in favor of intervention." *Wilderness Society*, 630 F.3d at 1179. That decision was issued on January 14, 2011, about a year after the decision of this Court that is the subject of Public Lands' motion for reconsideration. By making it clear that no categorical rules apply to intervention issues in NEPA cases – and by doing so en banc – the Circuit changed the law in a way that at the very least requires the Court to reexamine its prior decision. That reexamination must begin with Rule 24(a)(2):

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir.2001).

There is no contention that the applications were untimely. To resolve the second and third factors – whether the applicants may suffer, as a result of this lawsuit, an impairment of a "significantly protectable" interest – the Court must follow "practical and

**Memorandum Decision & Order - 4**

equitable considerations and construe the Rule broadly in favor of proposed intervenors." *Wilderness Society*, 630 F.3d at 1179.  A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*. (citations omitted).

Many of the 600 BLM decisions challenged by WWP are decisions regarding grazing levels and grazing permit restrictions.  If WWP prevails and the agency is directed to change these decisions to give more protections to sage grouse, the members of Public Lands, including many cattle ranchers, could see a substantial modification of their grazing privileges.  Given that *Wilderness Society* directs this Court to take a liberal view of the practical effects on the proposed intervenors, the Court finds that Public Lands has satisfied the second and third requirements of the test set forth above.

The fourth requirement directs the Court to consider whether the interests of Public Lands may be adequately represented by the BLM.  The burden of showing inadequacy of representation is "minimal" and is satisfied if the applicant can demonstrate that representation of its interests "may be" inadequate. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).  In evaluating adequacy of representation, the Court must examine three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id*.  The "most important factor" in

**Memorandum Decision & Order - 5**

assessing the adequacy of representation is "how the interest compares with the interests of existing parties." *Id*. If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. *Id*. To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of presentation. *Id*. "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," which must be rebutted with a compelling showing. *Id.*

In this case, Public Lands and the BLM do not necessarily share the same ultimate objective. Given the broad attack on 600 decisions, the BLM will be spread thin defending each one. This creates an incentive for the BLM to focus its efforts on protecting certain decisions at the risk of losing others. But a BLM decision to let some claims go may be directly contrary to the interests of members of Public Lands who might lose their grazing privileges or other benefits.

Because the BLM and Public Lands do not necessarily share the same ultimate objective, Public Lands needs only make a "minimal showing" that the BLM's representation may be inadequate. That showing has been made here because members of Public Lands have a deep financial interest in each BLM decision that affects their land, while the BLM may, as discussed above, have a contrary interest in not pursuing a defense of some of those decisions.

For all of these reasons, the Court will grant the motion to reconsider and allow intervention-as-of-right to the Public Lands Council, the National Cattlemen's Beef

**Memorandum Decision & Order - 6**

Association, and the Idaho Cattle Association.  The Court will require these intervenors to file briefs two weeks after the defendants' briefs to avoid any duplication, and will give plaintiffs corresponding additional time to respond.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 108) is GRANTED and that the Public Lands Council, the National Cattlemen's Beef Association, and the Idaho Cattle Association are allowed to intervene pursuant to Rule 24(a)(2).

IT IS FURTHER ORDERED, that the deadline for the filing of intervenors' briefs on the summary judgment motions is October 7, 2011.

DATED:  **September 22, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge