Todd C. Tucci (ISB # 6526)
ttucci@advocateswest.org
Kristin F. Ruether (ISB # 7914)
kruether@advocateswest.org
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Laurence ("Laird") J. Lucas (ISB # 4733)
PO Box 1342
Boise, ID 83701
208-424-1466 (phone and fax)
llucas@lairdlucas.org

Attorneys for Plaintiff Western Watersheds Project

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br>　　　Plaintiff,<br>vs.<br><br>KEN SALAZAR, Secretary,<br>DEPARTMENT OF THE INTERIOR, an<br>agency of the United States, and BUREAU<br>OF LAND MANAGEMENT,<br>　　　Defendants. | Case No. 08-cv-435-BLW<br><br><br>**PLAINTIFF'S PROPOSED LITIGATION PLAN** |

On February 6, 2012, this Court issued its Memorandum Decision and Order granting Plaintiff Western Watersheds Project's motion for summary judgment and denying Defendant Bureau of Land Management's motion for summary judgment regarding BLM's final grazing decisions and associated environmental analysis on the East Castle Creek, Battle Creek, Rockville, Silver City and Diamond Basin allotments. Docket No. 171. The Court held that these decisions violated the National Environmental Policy Act, the Fundamentals of Rangeland Health, the Federal Land Policy and Management Act, and the governing land use plans. *Id.*

The Court subsequently ordered the parties to submit a litigation plan regarding the

second phase of summary judgment motions on or before February 24, 2012.  Docket Entry Order 172.  Western Watersheds has negotiated in good faith with Federal Defendants in an effort to develop a stipulated litigation plan, but the parties were unable to resolve their differences.  Accordingly, Western Watersheds hereby submits its proposed litigation plan for resolving the remaining issues in the initial phase of summary judgment briefing, and for the second phase of summary judgment motions in this case.

**A.** **Phase One – Remedies:** In light of this Court's holding that the final grazing decisions and associated environmental analyses violated NEPA, FLPMA, and the Fundamentals of Rangeland Health, Western Watersheds is filing herewith a motion to vacate and remand the grazing decisions, environmental assessments, and findings of no significant impact on the Battle Creek, East Castle Creek, Rockville, Silver City and Diamond Basin allotments.  As discussed in that motion, Western Watersheds seeks an order vacating these grazing decisions and EAs/FONSIs, and remanding the decisions back to the agency for subsequent analysis and new decisions.  Under established principles of administrative law, when a court finds an agency action or decision to be unlawful, the proper course is to vacate and remand the action to the agency for reconsideration.  *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985); *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973).  Upon vacatur and remand, BLM can then determine through an appropriate process – including proposed and final grazing decisions under 43 C.F.R. § 4160, and including the preparation of an Environmental Assessment or Environmental Impact Statement as needed - whether to allow livestock grazing on these allotments in 2012 and beyond, consistent with this Court's February 6, 2012 Memorandum Decision and Order.  Western Watersheds specifically reserves its right to challenge BLM's future grazing authorizations, if necessary.

WESTERN WATERSHEDS' PROPOSED LITIGATION PLAN - 2

**B.     Phase Two – Litigation Plan and Schedule:** Western Watersheds proposes that the second phase of summary judgment briefing focus on grazing authorizations issued by the BLM's Burley Field Office.  As identified in the Third Amended Complaint, BLM has issued final grazing decisions and associated environmental analyses on the Jim Sage Mountain Area allotments (including the Jim Sage, Cassia Creek, Almo-Womack and Chokecherry allotments). *See* Docket No. 118 ¶ 89(a).  Western Watersheds proposes to litigate the adequacy of the final grazing decisions and environmental analyses on these allotments – which are grazed together, and are subject to many of the same management decisions and analyses – through one partial summary judgment motion during this next phase of litigation.  Like the initial phase of summary judgment briefing, this partial summary judgment motion will raise violations of NEPA, FLPMA, the Fundamentals of Rangeland Health, and the governing land use plan.

During this second phase of summary judgment briefing, Western Watersheds also proposes to focus on the grazing permits issued by BLM's Burley Field Office under the auspices of Section 325 of Public Law 108-108 ("grazing rider permits").  *See* Docket No. 118 ¶ 89(b).  As identified in the Third Amended Complaint, the Burley Field Office has issued 271 grazing rider permits on 180 separate grazing allotments within habitat for the Great Basin Core population of Greater sage-grouse.  *Id.  See also* Docket No. 118-1 (Exh. 1 to Third Amended Complaint) (table identifying BLM grazing rider permits).  Instead of litigating each of these 271 grazing rider permits during this phase, Western Watersheds proposes to use a so-called "test case approach," wherein the parties focus on selected grazing rider permits to explore the legal issue regarding the propriety of BLM's invocation of the grazing rider to excuse compliance with NEPA and FLPMA.  This Court has previously approved the "test case" approach for similarly large cases.  *See*, *e.g.*, *W. Watersheds Project v. Salazar*, 08-cv-00516 (D. Id.)

WESTERN WATERSHEDS' PROPOSED LITIGATION PLAN - 3

Western Watersheds proposes to use the following grazing rider permits as "test cases" for its second phase of summary judgment briefing: (1) Whiskey Creek allotment (authorization 1102120); (2) Point Ranch allotment (authorization 1102014); Western Stockgrowers allotment (authorizations 1102145, 1102133, 1102126, 102076, 1102070, 1102137, 1102139, 1102151, 1102089, 1102135); and (4) Ridge allotment (authorization 1102154).

Preparing the administrative record on these grazing rider permits should not be an overly burdensome undertaking, especially because – by definition – BLM will have forewent preparing any environmental assessment, finding of no significant impact, or even a proposed or final grazing decision under 43 C.F.R. § 4160. In fact, the entire administrative record for these grazing rider permits will likely consist of the old grazing permit; new grazing permit; applications for grazing permit or lease under 43 C.F.R. § 4130; notices of public involvement or communication public prior to the issuance of the grazing rider permit; documents demonstrating the permittee or leasee meets the requirements of 43 C.F.R. §§ 4110.1 and 4110.2; and documents demonstrating the new grazing permit is consistent with the governing allotment management plan, land use plan and FLPMA.

Western Watersheds proposes the following litigation schedule for briefing this second phase of partial summary judgment motions:

1.	On or before March 23, 2012, BLM will file the administrative record for the decisions challenged in the second phase of cross-motions for summary judgment, as identified *supra*;

2.	On or before May 14, 2012, Western Watersheds will file its partial motion for summary judgment on all claims challenging the second set of actions described above;

WESTERN WATERSHEDS' PROPOSED LITIGATION PLAN - 4

3.     On or before June 18, 2012, Defendants will file their combined cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment;

4.     On or before July 18, 2012, Plaintiff will file its combined opposition to Defendants' cross-motion for summary judgment and reply in support of its motion for summary judgment; and

5.     On or before July 30, 2012, Defendants will file their reply in support of their cross-motion for summary judgment.

After the briefing is complete, the parties will contact the Court to schedule a hearing on these motions.

Dated: February 24, 2012                                                   Respectfully submitted,

/s/ Todd C. Tucci
Todd C. Tucci (ISB # 6526)
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2012, I have caused the foregoing document to be served upon counsel of record through the Court's electronic service system (ECF/CM):

| | |
|---|---|
| C Wayne Howle | whowle@ag.nv.gov |
| Caroline Lobdell | clobdell@wrlegal.org |
| John Richard Hammond | jrh@battfisher.com |
| Karen Budd-Falen | main@buddfalen.com |
| Kristin A McQueary | jalgerio@elkocountynv.net |
| Murray D Feldman | mfeldman@hollandhart.com |
| Paul A Turcke | pat@msbtlaw.com |
| Robert H Foster | Robert.Foster2@usdoj.gov |
| W. Alan Schroeder | alan@schroederlezamiz.com |
| William Gerry Myers, III | wmyers@hollandhart.com |
| Deborah Ferguson | Deborah.ferguson@usdoj.gov |
| Tyler Welti | tyler.welti@usdoj.gov |
| Dominika Tarczynska | dominika.tarczynska@usdoj.gov |

/s/ Todd C. Tucci
Todd C. Tucci
Attorney for Plaintiff

WESTERN WATERSHEDS' PROPOSED LITIGATION PLAN - 5