Todd C. Tucci (ISB # 6526)
Laurence ("Laird") J. Lucas (ISB # 4733)
*Advocates for the West*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
ttucci@advocateswest.org
llucas@advocateswest.org

Attorneys for Plaintiff Western Watersheds Project

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, | ) | No. 4:08-cv-435-BLW |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S REPLY BRIEF** |
| vs. | ) | **IN SUPPORT OF MOTION FOR** |
| | ) | **LEAVE TO FILE FIRST** |
| RYAN ZINKE*, Secretary, | ) | **SUPPLEMENTAL COMPLAINT** |
| DEPARTMENT OF THE INTERIOR, an | ) | (ECF No. 275) |
| agency of the United States, and BUREAU | ) | |
| OF LAND MANAGEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

Contrary to BLM's Opposition Brief, ECF No. 285 ("Opp. Br."), allowing the First Supplemental Complaint proposed by Western Watersheds is appropriate under Rule 15(d) and makes sense as it involves the same grazing allotments and factual and legal issues already addressed by the Court in this case.

BLM misreads *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400 (9th Cir. 1997), as supposedly prohibiting the proposed supplemental complaint. But – unlike here – final judgment had been rendered years before in *Planned Parenthood* and the district court had not retained jurisdiction, so supplementation was improper there. *Id.*, 130 F.3d at 403.

BLM also argues that allowing the supplemental complaint would prejudice it by

---

* Pursuant to F.R.Civ.25(d), current Interior Secretary Ryan Zinke is automatically substituted for former Secretaries Ken Salazar and Sally Jewell.

extending this case further, when remaining Section 325 permits will supposedly expire and be replaced in the next couple years, thus supposedly mooting Western Watersheds' claims. But that point underscores why supplementation should be allowed now – BLM will replace the expiring Section 325 permits with new permits under its legally-flawed reading of the 2015 NDAA, so the Court properly should review and correct that reading at this juncture, before BLM goes even further down the unlawful road it is on.

BLM does not dispute that the proposed supplemental complaint overlaps closely with the allotments and Court's prior decisions in this case. If the Court chooses to deny the motion for supplementation and require Western Watersheds to file a new action instead, it should therefore direct that the new action be assigned to it in light of that close overlap and the Court's familiarity with the facts, procedural history, and legal issues in question.

## REPLY ARGUMENT

### I. SUPPLEMENTATION IS PROPER HERE UNDER RULE 15.

BLM first argues that the proposed First Supplemental Complaint is improper under Rule 15(d), because it would supposedly "introduce a distinct new claim, directed at new agency actions, based on a newly enacted law," and is thus precluded by *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400 (9th Cir. 1997). *See* Opp. Br, pp. 6-8.

BLM's reads *Planned Parenthood* too broadly. That case was brought as a class action to challenge an Arizona parental consent abortion law in 1989; the district court entered a final order and permanent injunction declaring the statute unconstitutional in 1992, without any appeal and without the district court retaining jurisdiction. *See Planned Parenthood*, 130 F.3d at 402. Several years later, the district court allowed a supplemental complaint under Rule 15 to challenge a subsequent parental consent abortion statute. *Id.* The Ninth Circuit's *per curiam*

REPLY BRIEF ON MOTION FOR SUPPLEMENTAL COMPLAINT --                                      2

opinion held that the district court abused its discretion, stating – in the Conclusion – that the prior final judgment without any reservation of district court jurisdiction meant supplementation under Rule 15 was not proper:

> Because the original action between Planned Parenthood and Neely had reached a final resolution and the district court did not retain jurisdiction, we hold that it was an abuse of discretion to allow plaintiffs to supplement the complaint that formed the basis for that action, instead of requiring them to initiate a new suit.

130 F.3d at 403.

Rather than acknowledging this holding from *Planned Parenthood*, BLM drops a footnote saying the entry of final judgment without retaining jurisdiction there "provided only secondary support to the court's holding that new and distinct claims should be brought in a separate lawsuit." *See* BLM Oppos., p. 7, n.2.  But the express language of the Conclusion, quoted above, refutes that reading.  And even the paragraph that BLM relies upon underscores that the entry of final judgment without the district court retaining jurisdiction was the central reason for its holding that a later supplemental complaint was improper under Rule 15, stating:

> The supplemental complaint filed by plaintiffs involved a new and distinct action that should have been the subject of a separate suit. Although both the original suit and the supplemental complaint sought to challenge Arizona's parental consent law, the supplemental complaint challenged a different statute than the one that had been successfully challenged in the original suit. Additionally, a final judgment had been rendered in the original action four years prior to plaintiffs' request to supplement their complaint. That judgment was not appealed and in no way would be affected by plaintiffs' supplemental complaint. Nor did the district court retain jurisdiction after entering that order.

*See* 130 F.3d at 402.

Here, of course, there is no final judgment and the Court currently exercises jurisdiction over Western Watersheds' challenges to the BLM grazing allotments in question. Western Watersheds simply seeks to update its legal claims to address subsequent factual events and BLM's legal error in misreading the 2015 NDAA, just as it misread the 2003 grazing rider under

REPLY                                                                                           PLAINT --                            3

the Court's prior Phase Two SJ Decision. This is precisely the kind of scenario contemplated by the provisions of Rule 15(d) that liberally authorize supplemental complaints. *Keith v. Volpe*, 858 F.2d 467, 473-75 (9th Cir. 1988).

## II. ALLOWING THE SUPPLEMENTAL COMPLAINT WILL NOT PREJUDICE BLM.

BLM also argues that allowing the supplemental complaint would "substantially delay resolution of the case and thereby prejudice Defendants." Opp. Br., pp. 8-12. It asserts that the only claims left in the case are "claims relating to 159 Section 325 permits that were not litigated in phase 2" – which it contends will "dwindle" down to 7 permits (or possibly none) over the next year as they expire and are replaced under the 2015 NDAA. *Id.*, p. 9 (citing Robbins Decl.). Thus, according to BLM, Western Watersheds' remaining claims over the Section 325 permits are actually or "prudentially" moot, and the Court should not extend the litigation further by allowing the supplemental complaint. *Id.*

BLM fails to acknowledge, however, that other matters are still pending before the Court in this case, including its own Motion For Reconsideration of the Court's Phase Two SJ Decision construing the Section 325 grazing rider (ECF No. 277), and Western Watersheds' Motion For Remedial Relief On Phase One and Phase Two Allotments (ECF No. 276), seeking to require BLM to end its long pattern of delay and finally comply with the Court's Phase One and Phase Two SJ Decisions. Moreover, as BLM concedes, numerous Section 325 permits challenged in the Third Amended Complaint (ECF No. 118-1) remaining outstanding, and many of those Section 325 permits are being unlawfully converted into 2015 NDAA permits. The validity of such conversion is one of the issues remaining before the Court and is closely intertwined with the claim in the proposed First Supplemental Complaint.

BLM's assurances about the future expiration and replacement of the Section 325 permits

REPLY BRIEF ON MOTION FOR SUPPLEMENTAL COMPLAINT -- 4

are also questionable, and should not just be credited at face value by the Court.  BLM's prior representations about when it would complete processing of grazing permits for the allotments at issue in the Burley, Bruneau, and Owyhee Field Offices have not been accurate, and it has taken many years longer for BLM to process even the Phase One allotment permits that the Court held unlawful back in 2012 (ECF No. 213).  That is the reason why Western Watersheds has now filed its Motion for Remedial Relief, seeking Court-imposed deadlines to ensure BLM actually completes the analysis and permit processing within reasonable timeframes.

The proposed First Supplemental Complaint presents primarily legal issues concerning BLM's misreading of the 2015 NDAA amendments to FLPMA Section 402 and how BLM itself has prioritized grazing permits for renewal in key sage-grouse habitats under the 2015 Sage-Grouse Plan Amendments.  See (Proposed) First Supplemental Complaint (ECF No. 275-1).  BLM should be able to quickly submit the Administrative Record materials for its issuance of the 2015 NDAA permits challenged in the proposed First Supplemental Complaint, since it bypassed any NEPA review or public involvement in those permit renewals and thus the Administrative Record materials will presumably be very limited.  Moreover, BLM has already filed with this Court the Administrative Record for the 2015 Idaho Sage-Grouse Plan Amendments, referenced in the First Supplemental Complaint.  *See WWP v. Schneider*, No. 1:16-cv-083-BLW, ECF Nos. 87-88 (notices re filing of Administrative Record).  The parties can thus rapidly adjudicate the single Claim for Relief in the proposed First Supplemental Complaint without necessarily delaying ultimate resolution of this case at all.

Other than complaining about potentially delaying resolution of this case, BLM points to no other prejudice it would allegedly suffer from allowing the supplemental complaint.  Western Watersheds will challenge BLM's unlawful reading of the 2015 NDAA in converting prior

REPLY BRIEF ON MOTION FOR SUPPLEMENTAL COMPLAINT --                                              5

Section 325 permits – themselves unlawful, as the Court ruled in the Phase Two SJ Decision – either in this case or in a new action. BLM will have to file record materials and defend its actions through normal summary judgment briefing, either in this case or in a new action. And as Western Watersheds pointed out in its opening brief (pp. 13-14), some delay in resolving a case alone is not "prejudice" or adequate reason to deny a Rule 15(d) motion to supplement. Accordingly, the Court should adhere to the liberal supplementation allowed by Rule 15(d) and grant leave for Western Watersheds to file the proposed supplemental complaint.

### III.  IF SUPPLEMENTATION IS DENIED, THE COURT SHOULD DIRECT THAT THE NEW COMPLAINT BE ASSIGNED TO IT.

Finally, if the Court were to deny the motion for leave to file a supplemental complaint, Western Watersheds respectfully submits that the Court should direct that the new complaint be assigned to it, in light of the close overlap between this action and the new one. Again, the Court is already familiar with the facts, history, and procedural status of BLM's grazing authorizations in the Burley, Bruneau, and Owyhee Field Offices that are at issue in this case and in the proposed First Supplemental Complaint. Similar legal issues are presented regarding BLM's interpretation of the Section 325 grazing rider and the 2015 NDAA amendments to FLPMA. And the Court can best ensure consistent remedies are entered for the allotments at issue by directing that it handle the new case as it addresses Western Watersheds' Motion for Remedial Relief in this case.

Similar considerations led the Court to direct that closely related new cases be assigned to it when Western Watersheds has sought supplementation before. *See, e.g.,* Memorandum Decision & Order, *Western Watersheds Project et al. v. U.S. Forest Service*, No. 4:07-cv-151-BLW, ECF # 203 (6/4/2012) (denying motion to reopen prior bighorn sheep grazing litigation

and directing that when WWP files the new case, "that case shall be assigned to this Court because this case and the new filing have so many factual and legal issues in common").

## CONCLUSION

For the foregoing reasons, Western Watersheds respectfully requests that the Court grant its Motion and authorize filing of the [Proposed] First Supplemental Complaint; or in the alternative, if supplementation is denied, direct that the new case filed by Western Watersheds be assigned to it in light of the close overlap between the two actions.

Dated this 16th day of March, 2018.        Respectfully submitted,

/s/ Laird J. Lucas
Todd C. Tucci (ISB # 6526)
Laurence ("Laird") J. Lucas (ISB # 4733)
*Advocates for the West*

Attorneys for Plaintiff Western Watersheds Project

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2018, I caused the foregoing REPLY BRIEF ON MOTION TO FILE SUPPLEMENTAL COMPLAINT to be electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record in this matter as follows:

Attorneys for Federal Defendants
Christine England
christine.england@usdoj.gov

Luke Hajek
luke.hajek@usdoj.gov

Attorneys for Intervenors J.R. Simplot Co. et al.
Paul Arrington
pla@idahowaters.com

Alan Schroeder
alan@schroederlezamiz.com

Albert Barker
apb@idahowaters.com

Attorneys for Intervenor Ellison Ranching Co.
Karen Budd-Falen
main@buddfalen.com

John Hammond
jrh@fisherpusch.com

Attorneys for Intervenors Public Lands Council et al.
Arron Bruner

REPLY BRIEF ON MOTION FOR SUPPLEMENTAL COMPLAINT --                        7

aebruner@wrlegal.org

Paul Turcke
pat@msbtlaw.com

Caroline Lobdell
clobdell@wrlegal.org

Attorney for Amicus Nevada Counties
Kristin McQueary
jfisherman@elkocountynv.net

Attorney for Amicus State of Nevada
Wayne Howle
whowle@ag.nv.gov

Attorneys for Amici NW Farm Credit Services et al.
Murray Feldman
mfeldman@hollandhart.com

William Myers
wmyers@hollandhart.com

/s/ Laird J. Lucas

REPLY BRIEF ON MOTION FOR SUPPLEMENTAL COMPLAINT --                                        8